**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Reginald V. Swain, Appellant,

v.

Daniel Allen Bollinger and Jane Doe, a minor under the age of eighteen, Respondents.

Appellate Case No. 2020-000761

———————

Appeal From Abbeville County
Matthew P. Turner, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-032
Submitted January 15, 2021 – Filed February 2, 2021

———————

**AFFIRMED**

———————

Jane Hawthorne Merrill, of Hawthorne Merrill Law, LLC, of Greenwood; and Scarlet Bell Moore, of Greenville, both for Appellant.

Heather Vry Scalzo, of Byford & Scalzo, LLC, of Greenville, for Respondent Daniel Allen Bollinger.

Anne Marie Hempy, of Hite and Stone, of Abbeville, as Guardian ad Litem for the minor child.

———————

**PER CURIAM:** Reginald Swain (Grandfather) appeals a family court order denying his petition to terminate Daniel Allen Bollinger's (Father's) parental rights to his granddaughter (Child) and allow Grandfather to adopt Child. On appeal, Grandfather argues the family court erred in finding termination of parental rights (TPR) and adoption by Grandfather was not in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2020). "In a [TPR] case, the best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

Child has lived with Grandfather and his wife, Barbara Swain (Grandmother; collectively, Grandparents), since January 2012, and the family court awarded Grandparents legal custody of Child in October 2013. The undisputed facts show Grandparents have provided a stable and suitable home for Child. Child's mother (Mother), who is Grandparents' biological daughter, now lives with Grandparents and has an active role in Child's life. Under these facts, TPR would not promote stability and permanency because Child is already in a stable environment with Grandparents and Mother, which is unlikely to be affected by the outcome of this appeal. Thus, TPR and adoption will not serve the ultimate goal of providing permanency for a child. *See* S.C. Code Ann. § 63-7-2510 (2010) ("The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ." ).[1]

---

[1] Further, Grandfather only sought to terminate Father's parental rights; he did not seek to terminate Mother's parental rights. As a result, allowing Grandfather to adopt Child would result in a birth certificate containing Grandfather's name as the father and his biological daughter's name as the mother. Allowing Grandfather to adopt Child while Mother remains her legal mother could create issues if Mother

We acknowledge Father has had very limited involvement with Child and thus does not have a relationship with her. Although he was detained from May 2015 until April 2016 and incarcerated after February 2017, he did very little prior to his May 2015 arrest to develop and maintain a relationship with Child. However, the family court found Grandfather and Mother ignored Father's attempted communications. Additionally, Father made progress in prison and expected to be released shortly after the TPR hearing. If he has rehabilitated, it may be in Child's best interest to have visitation with him in the future.

We are cognizant there could be situations when TPR would be in a child's best interest even if a subsequent adoption is not. We are also cognizant that if this case involved a child in foster care, TPR would be the likely outcome based on Father's history and limited efforts to form a relationship with Child. However, based on Child's stability in Grandparents' home and Father's progress in prison, we agree with the family court that TPR is not in Child's best interest.

**AFFIRMED.**[2]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

ever decided to move out of Grandparents' home with Child because it would place Grandfather in the same legal footing as Mother if a custody action was filed.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.